## HEIRS OF JAMES KELSO V. JOHN PRATT.

A covenant of general warranty, contained in a deed made in pursuance of a previous bond for title, cannot be construed as an undertaking by the vendor to be accountable for acts or omissions of the vendee after the date of the bond, in consequence of which the vendee may have parted with the title to the property.

A surety, co-defendant with his principal in a judgment, has a right to protect himself by causing property of his principal to be taken in satisfaction of the judgment.

And if the surety was also the vendor to his principal by title bond of the property taken in execution, and after the sale under the execution, he, pursuant to his title bond, makes his deed for the property to his principal with general warranty of title, he is not liable on his warranty by reason of the sale of the property under the execution, even though made at his instance for his protection as surety. .

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This suit was brought on July 30th, 1858, by the appellants against the appellee upon a covenant of general warranty to 371 acres of land, contained in a deed made by the defendant to the plaintiffs on the 29th of January, 1855.

As a breach of the covenant, the plaintiffs alleged in their petition that they were evicted from the land under a judgment obtained against them therefor by the heirs of Charles Ritchie, on the 10th day of April, 1858.

The defence made by the answers and evidence was, that the defendant, Pratt, by his title bond of date November 5th, 1850, sold the land to James Kelso, the ancestor of the plaintiffs, who executed to defendant his note for $321 of the purchase money, which note the defendant transferred and endorsed to the said Charles Ritchie, who recovered judgment thereon against Kelso as maker and defendant as endorser, by execution from which judgment the land had been sold as the property of Kelso, and the plaintiffs thereby evicted. That the deed of January 29th, 1855, made by defendant to the plaintiffs, was executed in pursuance of his title bond to the plaintiffs' ancestor, James Kelso, on the 5th of November, 1850; and that if the plaintiffs had lost the title to and been evicted from the land, it was in consequence of

the failure or neglect of themselves and their ancestor to pay and satisfy the judgment for the purchase money recovered by Ritchie.

At the Spring Term, 1859, there was verdict and judgment for the defendant, a new trial refused, and the plaintiffs appealed.

*Mills*, for plaintiffs in error.

WHEELER, C. J. The deed from Pratt to the plaintiffs, the heirs of Kelso, of the 29th of January, 1855, was made in pursuance of the title bond of Pratt to Kelso, of the 5th of November, 1850. The covenant of warranty in the deed had reference to the state of the title at the date of the bond. It cannot be construed as an undertaking on the part of Pratt to be accountable for the acts or omissions of Kelso, after that date, by which he may have parted with the title. It was not the fault of Pratt that the land was sold to satisfy the judgment against Kelso for the purchase money for the land, which the latter had failed to pay. It was the fault of Kelso—the consequence of his failure to pay the purchase money. Pratt can no more be held responsible to the heirs of Kelso for the sale of the land by the sheriff to satisfy the judgment against Kelso, than he could be for a sale of the land by Kelso himself.

It is not in proof that Pratt pointed out the land to the sheriff. But if he did, it was no evidence of an intention to take advantage of the failure of Kelso to perform the contract in order to disavow it and reclaim the land, but the contrary. It was in order to cause the land, as the property of Kelso, to be sold to satisfy a judgment in which Kelso was the principal debtor and he the surety. As surety of Kelso in the judgment, he had a right thus to protect himself by causing the property of the principal debtor to be taken in satisfaction of the debt.

We think it clear, that upon the case as presented, the plaintiffs have no right of action; and it is therefore unnecessary to inquire whether the judgment in the ejectment suit was rightly rendered against these plaintiffs, or whether the rulings of the court exhibited by the record in this case were correct. The result could not legally have been different.

The judgment is affirmed.

Judgment affirmed.